UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
Rowena Santos, Esq. SBN 210185
65 Pine Avenue, Suite 312
Long Beach, CA 90802
Tel:    (562) 256-1047
Fax:    (562) 256-1006
Email: admin@uelglaw.com

Attorneys for Plaintiff/Cross-Defendant,
LANCE FISHER

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE FISHER, an individual,<br><br>Plaintiff(s),<br>v.<br>GEOCON CONSULTANTS, INC., a California corporation;<br>GEOCON ENVRIONMENTAL, an unknown business entity;<br>BOB KIMBAL, an individual;<br>DOES 1-10, business entit(ies), form(s) unknown;<br>DOES 11-20, individual(s); and<br>DOES 21-30, inclusive,<br><br>Defendant(s). | Case No.: 2:09-CV-02017-FCD-GGH<br><br>Assigned to the Honorable, Frank C. Damrell, Jr<br>Judge of Courtroom "2"<br><br>**PLAINTIFF/CROSS-DEFENDANT LANCE FISHER'S NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:          October 30, 2009<br>TIME:          10:00 a.m.<br>DEPT:          Courtroom "2" |
| GEOCON CONSULTANTS, INC., a California corporation;<br>GEOCON ENVRIONMENTAL CONSULTANTS, INC., Predecessor in interes to Geocon Consultants, Inc a California corporation; and<br>BOB KIMBAL, an individual,<br><br>Cross-Claimants,<br>v.<br>LANCE FISHER, an individual, and ROES 1 through 100, inclusive,<br><br>Cross-Defendants. | |

1

**NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)**

1  **TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRANK C. DAMRELL, JR,**

2  **ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3       **PLEASE TAKE NOTICE** that on October 30, 2009, at 10:00 a.m. or as soon thereafter as

4  the matter may be heard in Courtroom "2" of the above-entitled Court, plaintiff/cross-defendant,

5  LANCE FISHER ("Fisher") will and does respectfully move for an order from the Court dismissing

6  cross-claimants, GEOCON CONSULTANTS, INC., GEOCON ENVRIONMENTAL

7  CONSULTANTS, INC., and BOB KIMBAL's (collectively "Cross-claimants") cross-claim,

8
9  pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

10      This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points

11 and Authorities, all pleadings and records filed in the within action, and upon such oral and

12 documentary evidence as may be presented at the hearing of this Motion.

13 DATED: August 15, 2009                          **UNITED EMPLOYEES LAW GROUP, PC**

14

15

16                                                ROWENA SANTOS, ESQ.
                                                 Attorneys for Plaintiff/Cross-Defendant,
17                                               LANCE FISHER

18

19

20

21

22

23

24

25

26

27

28

UNITED
EMPLOYEES LAW
GROUP PC

2

## MEMORANDUM OF POINT AND AUTHORITIES

Plaintiff/Cross-Defendant, LANCE FISHER ("Fisher") respectfully submits this motion to dismiss cross-claimants, GEOCON CONSULTANTS, INC., GEOCON ENVRIONMENTAL CONSULTANTS, INC., and BOB KIMBAL's (collectively "Cross-claimants") cross-claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Motion"), and states as follows:

### I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

On August 26, 2009, Cross-claimants filed a cross-claim against Fisher for Fraud and Deceit – Intentional Misrepresentation, Fraud and Deceit – False Promise, Breach of Contract, Punitive Damages, and Declaratory Relief Pursuant to Code of Civil Procedure § 1060. Each and every cause of action in the cross-claim is based upon a January 6, 2009, Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit 1 to the cross-claim. Cross-claimants allege that Fisher committed fraud and deceit, breached the Settlement Agreement, etc. by bringing this action seeking redress against Defendants (Cross-claimants), and each of them, for their violations of the wage and hour provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA"), and California Business & Professions Code §§ 17200-et seq.

As explained more fully below, Cross-claimants' cross-claim, in its entirety, fails to state claims upon which relief may be granted. Despite its length and numerous causes of actions, Cross-claimants' cross-claim presents a single overriding legal issue:

> [W]hether the Settlement Agreement executed by [Cross-claimants and Fisher] waives [Fisher]'s alleged rights [under the FLSA] and precludes [Fisher from] maintaining his complaint…[against defendants (Cross-claimants)] for [their] alleged violations of the Fair Labor Standards Act of 1938 and Business & Professions Code §§ 17200-et seq.

*Cross-claim of Geocon Consultants, Inc., Geiocon Environmental Consultants, Inc., and Bob Kimball for Breach of Contract, Declarative Relief, Damages and Punitive Damages* (Dkt. No. 9) ("Cross-Claim") ¶ 48, page 11, line 26 through page 12, line 3.

Numerous courts have ruled, an employee's claims under the FLSA is non-waivable, and cannot be settled without supervision of either the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States, et. al.* 679 F.2d 1350, 1352-1353 (11th Cir. 1982).

**NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)**

1    As the Settlement Agreement was entered into without the supervision of either the Secretary

2    of Labor or a district court, Fisher's FLSA claims were not waivable, any alleged "agreement" to

3    waive Fisher's FLSA claims under the Settlement Agreement are invalid, and are therefore severed

4    from the Settlement Agreement, pursuant to section 11.5 of Settlement Agreement. As a result, these

5    cross-claims should be dismissed under Federal Rules of Civil Procedure §12(b)(6) ("Rule

6    12(b)(6)").

## II.    STATEMENT OF ALLEGED FACTS[1]

8    On August 26, 2009, Cross-claimants filed the Cross-Claim. The Cross-Claim alleges, in

9    relevant part, the following facts:

10    • Cross-claimants and Fisher reached an agreement to terminate Fisher's employment,

11    which agreement was memorialized in the January 6, 2009, Settlement Agreement. *Cross-Claim* ¶

12    15, page 4, lines 21-25, and ¶ 37, page 10, lines 5-7;

13    • The Settlement Agreement is attached to the Cross-Claim as Exhibit 1, and its

14    contents incorporated by reference into the Cross-Claim. *Id.* ¶ 15, page 4, lines 21-25, and ¶ 20, page

15    5, line 23 through page 6, line 25;

16    • Provision 11.5 of the Settlement Agreement states in relevant part, "…This

17    Agreement shall be considered severable, such that it any provision or part of the Agreement is ever

18    held invalid under any law or ruling, the net provision or part of the Agreement shall remain in force

19    and effect to the extent allowed by law, and all other provisions or parties shall remain in full force

20    and effect." *Id.* ¶ 15, page 4, lines 21-25, and ¶ 20, page 5, line 23 through page 6, line 25 citing the

21    Settlement Agreement, page 7;

22    • The elements of a contractual agreement between the parties pursuant to California

23    Civil Code §§ 1549 and 1150 were met: a) parties having legal capacity to contract; b) mutual

24    consent; c) a lawful object in the Settlement Agreement that Fisher would receive severance pay,

25    Cross-claimants would waive overpayments to Fisher and other agreements and things of value; and

26

27    [1] Pursuant to Federal Rule of Civil Procedure § 12(b)(6), this Motion relies only on facts
alleged in Cross-claimants' Cross-Claim, and assumes the truth of all facts alleged in the Cross-
28    Claim and all reasonable inferences therefrom.

UNITED
EMPLOYEES LAW
GROUP PC

4

### NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)

1   d) consideration by both parties: Cross-claimants would pay additional monies and waive

2   overpayments and Fisher would waive any right to sue for damages, make additional claims for

3   monies or any other thing of value. *Id.* ¶ 16, page 4, line 26 through page 5, line 6;

4          •   Fisher kept and reviewed the Settlement Agreement for several days and

5   subsequently signed same of his own free will. The Settlement Agreement specifically recites that

6   Fisher has read and understands the contents thereof, has been advised to and has had the

7   opportunity to have the Settlement Agreement reviewed by independent legal counsel and that

8   executed the Settlement Agreement without fraud, duress or undue influence. *Id.* ¶ 17, page 5, lines

9   7-12, and ¶ 45, page 11, line 8;

10          •   Cross-claimants are informed and believe and thereon allege that in inducing Cross-

11   claimants to enter into the Settlement Agreement, Fisher represented that it was his intention "to

12   settle and dispose of, fully and completely, any and all claims, demands, causes of action,

13   obligations, damages and liabilities of any nature whatsoever possessed by Geocon Consultants and

14   Fisher and existing prior to the date hereof whether known or unknown, including all claims,

15   demands, causes of action and appellate rights reflected in, and incidental to the disputes and

16   Fisher's employment with Geocon Consultants." (collectively "Alleged Representations") *Id.* ¶ 26,

17   page 7, line 21 through page 8, line 2, ¶ 33, page 9, lines 7-15, and ¶ 44, page 10, line 26 through

18   page 11, line 2;

19          •   Cross-claimants are informed and believe and thereon allege that Fisher's Alleged

20   Representations were false. *Id.* ¶ 27, page 8, lines 3-6, and ¶ 33, page 9, lines 7-15;

21          •   Cross-claimants are informed and believe and thereon allege that at the time Fisher

22   made the Alleged Representations, he knew or should have known the Alleged Representations were

23   false, and any failure to know the Allege Representation were false made recklessly without regard

24   for the consequences of Cross-claimants. *Id.* ¶ 28, page 8, lines 7-10, and ¶ 33, page 9, lines 7-16;

25          •   Cross-claimants are informed and believe and thereon allege that at the time Fisher

26   made the Alleged Representations, he made the Alleged Representations with the intent to defraud

27   Cross-claimants; Fisher made or must have made the Alleged Representations for the purpose of

28

UNITED
EMPLOYEES LAW
GROUP PC

5

**NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)**

1  inducing Cross-claimants to rely upon it and to act or to refrain from acting in reliance on such
2  statement. *Id.* ¶ 29, page 8, lines 11-17, and ¶ 34, page 9, lines 17-22;

3      •   At the time Fisher made the Alleged Representations, Cross-claimants were unaware
4  of the falsity of the Alleged Representations and were justified in relying upon the Alleged
5  Representations. *Id.* ¶ 30, page 8, lines 18-22, and ¶ 35, page 9, lines 23-26;

6      •   Cross-claimants have performed each and every obligation, duty and requirement of
7  that certain Settlement Agreement. *Id.* ¶ 38, page 10, lines 8-9, and ¶ 44, page 10, line 26 through
8  page 11, line 2; and

9      •   Fisher has failed and refused and continues to fail and refuse to perform his
10  obligations and duties contained within the Settlement Agreement by suing Cross-claimants and
11  stating in his complaint that he was an hourly employee and entitled to overtime pay, back pay, and
12  other damages. *Id.* ¶ 39, page 10, lines 10-12, ¶ 38, page 10, lines 8-9, ¶ 44, page 10, line 26 through
13  page 11, line 4, ¶ 45, page 11, lines 8-10, ¶ 46, page 11, lines 11-15; and

14      •   As a result of Fisher's alleged actions, Cross-claimants have suffered damages. *Id.* ¶
15  31, page 8, line 23 through page 9, line 2, ¶ 35, page 9, lines 23-27, and ¶ 42 page 10, lines 19-21.

16                                    **III.    DISCUSSION**

17  **A. Standard for Dismissal Under FRCP 12(b)(6)**

18      Rule 12(b)(6) permits the court to dismiss a cross-claim, or a count therein, for failure to state
19  a claim upon which relief can be granted. FRCP 12(b)(6). A motion to dismiss under this rule tests
20  the cross-claim's sufficiency. See *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.
21  1983).

22      A cross-claim may be dismissed as a matter of law for two reasons: (1) lack of a cognizable
23  legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds,*
24  *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). As the Supreme Court recently explained, "[w]hile a [cross-
25  claim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a
26  [cross-complainant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more
27  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

28

UNITED
EMPLOYEES LAW
GROUP PC

                                          6

1   do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Rather, the

2   allegations in the cross-claim "must be enough to raise a right to relief above the speculative level."

3   *Id.* at 1964-65. All material allegations in the cross-claim, "even if doubtful in fact," are assumed to

4   be true, *id.*, and the court must "construe them in the light most favorable to the nonmoving party,"

5   *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). In other words, the court construes the

6   cross-claim and all reasonable inferences in the cross-complainant's favor. *Walleri v. Fed. Home*

7   *Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

8   **B. Fisher is Entitled to Judgment on the Pleadings Under FRCP 12(b)(6)**

9   **1.    FLSA claims cannot be waived, settled, and/or released without the**

10  **supervision of either the Secretary of Labor or a district court**

11  Section 216 of the FLSA allows an employee to waive his FLSA rights through two specific

12  methods: 1) section 216(b)(5) allows for a judicially approved stipulated judgment where the

13  employee files suit directly against the employer; and 2) section 216(c)(6) permits waiver when the

14  Secretary of Labor supervises the payment in full of a settlement reached between the employee and

15  the employer. *Beard v. District of Columbia Housing Authority*, 584 F. Supp. 2d 139, footnote 2

16  (2008); citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982).

17  The FLSA "is designed to prevent consenting adults from transacting about minimum wages

18  and overtime pay[,]" thus discouraging employers and employees from resolving their disputes

19  themselves by compromising the underlying duties imposed by the statute. *Beard v. District of*

20  *Columbia Housing Authority*, 584 F. Supp. 2d 139, 142-143 (2008); citing *Walton v. United*

21  *Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986)." It is a long-held view that FLSA rights

22  cannot be abridged or otherwise waived by contract because such private settlements would allow

23  parties to circumvent the purposes of the statute by agreeing on sub-minimum wages. *Beard v.*

24  *District of Columbia Housing Authority*, 584 F. Supp. 2d 139, 143 (2008); citing *Schulte Co. v.*

25  *Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946) ("We think the purpose of the Act . .

26  . leads to the conclusion that neither wages nor the damages for withholding them are capable of

27  reduction by compromise of controversies over coverage."); *Barrentine v. Ark.-Best Freight Sys.,*

28

1   *Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981) ("we have held that FLSA rights

2   cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the

3   statute and thwart the legislative policies it was designed to effectuate"); *Taylor v. Progress Energy,*

4   *Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("under the FLSA, a labor standards law, there is a judicial

5   prohibition against the unsupervised waiver or settlement of claims"); *Lynn's Food Stores, Inc. v.*

6   *United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("to approve an 'agreement' between an

7   employer and employees outside of the adversarial context of a lawsuit brought by the employees

8   would be in clear derogation of the letter and spirit of the FLSA.").

9   In *Schulte*, an employer disputed that the statute covered its employees because their work

10   lacked a nexus to direct interstate commerce. However, under the threat of a lawsuit, the employer

11   entered into a settlement agreement with its employees that incorporated payment for overtime but

12   not liquidated damages under 29 U.S.C. § 216(b). The employees later sued their employer to obtain

13   liquidated damages. The employer argued that its obligations under the FLSA were discharged by

14   the private agreement and payment, and the trial court agreed that the plaintiffs' claims were barred

15   by a valid accord and satisfaction. The court of appeals reversed, and the Supreme Court affirmed,

16   concluding that because of the disparate bargaining power of employers and employees, neither

17   unpaid wages nor the liquidated damages imposed by the FLSA can be compromised away by

18   private agreement. *Beard v. District of Columbia Housing Authority*, 584 F. Supp. 2d 139, 143-144

19   (2008); citing *Schulte*, 328 U.S. at 116.

20   **2.     Each and every claim by Cross-claimant's fail as Fisher's FLSA claims**

21   **were not waived, settled, and/or released under the Settlement Agreement**

22   Contrary to Cross-Complainants' contentions, Fisher's execution of the Settlement

23   Agreement does not preclude Fisher from bringing a claim against Cross-Defendants for violations

24   of the FLSA. The Settlement Agreement is unenforceable as a matter of law and public policy to the

25   extent that it waives/releases Fisher's rights under the FLSA and prohibits Fisher from filing a

26   lawsuit to enforce those rights.

27   The Settlement Agreement was entered into by and between Fisher and Cross-complainants

28

UNITED
EMPLOYEES LAW
GROUP PC

8

**NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)**

1  only, without the supervision of either the Secretary of Labor or a district court. Consequently,

2  Fisher's FLSA claims were not waivable, and any alleged "agreement" to waive Fisher's FLSA

3  claims under the Settlement Agreement are invalid.

4  Taking this one step further, any agreement relating to Fisher's FLSA claim should be

5  severed from the Settlement Agreement, pursuant to provision 11.5. Provision 11.5 of the Settlement

6  Agreement states in relevant part, "…This Agreement shall be considered severable, such that it any

7  provision or part of the Agreement is ever held invalid under any law or ruling, the net provision or

8  part of the Agreement shall remain in force and effect to the extent allowed by law, and all other

9  provisions or parties shall remain in full force and effect." Consequently, any agreement relating to

10  Fisher's FLSA claims should be held severed from the Settlement Agreement, pursuant to section

11  11.5 of Settlement Agreement.

12  As a result, these cross-claims should be dismissed under Federal Rules of Civil Procedure

13  §12(b)(6) ("Rule 12(b)(6)").

### IV.    CONCLUSION

15  Based upon the foregoing, plaintiff/cross-defendant, LANCE FISHER, respectfully requests

16  that this Court grant this motion, and dismiss cross-claimants, GEOCON CONSULTANTS, INC.,

17  GEOCON ENVRIONMENTAL CONSULTANTS, INC., and BOB KIMBAL's cross-claim

18  pursuant to Federal Rule of Civil Procedure 12(b)(6).

20  DATED: August 15, 2009          **UNITED EMPLOYEES LAW GROUP, PC**

ROWENA SANTOS, ESQ.
Attorneys for Plaintiff/Cross-Defendant,
LANCE FISHER

UNITED
EMPLOYEES LAW
GROUP PC

9

**NOTICE OF MOTION AND MOTION TO DISMISS CROSS-CLAIM
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE §12(b)(6)**