1  Shirlyn Daddario, SBN 127148
   Misha Ramadev, SBN 236948
2  GEOCON INCORPORATED
   6960 Flanders Drive
3  San Diego, California 92121
   Tel:  858-558-6900  Fax:  858-470-9122
4  daddario@geoconinc.com
   ramadev@geoconinc.com
5
   Attorneys for Defendants and Cross-
6  Claimants Geocon Consultants, Inc;
   Geocon Environmental Consultants, Inc.
7  and Bob Kimball.

8
                    **UNITED STATE DISTRICT COURT**
9
               **FOR THE EAST DISTRICT OF CALIFORNIA**
10

11 | LANCE FISHER, an individual          ) | Case No.: 2:09—CV—02017-FCD-GGH
                                         )
12 |          Plaintiff,                  ) | OPPOSITION OF CROSS-CLAIMANTS
             vs.                          ) | AND DEFENDANTS GEOCON
13 |                                      ) | CONSULTANTS, INC., GEOCON
   GEOCON CONSULTANTS, INC., a           ) | ENVIRONMENTAL CONSULTANTS, INC.
14 | California corporation;              ) | and BOB KIMBALL TO MOTION TO
   GEOCON ENVRIONMENTAL, an unknown )     | DISMISS
15 | business entity;                     ) | [FRCP 12(b)(6)]
   BOB KIMBAL, an individual;            )
16 | DOES 1-10, business entit(ies), forms )
   unknown;                              )
17 | DOES 11-20, individuals; and         )
   DOES 21-30, inclusive,                )
18 |                                      )
             Defendants.                  )
19 |                                      )
                                         )
20 | GEOCON CONSULTANTS, INC., a         )
   California corporation; GEOCON        )
21 | ENVIRONMENTAL CONSULTANTS, INC., )
   Predecessor in interest to Geocon Consultants, )
22 | Inc. a California corporation; and Bob Kimball,)
   An individual,                        )
23 |                                      )
                                         )
24 |          Cross-Claimants             )
   v.                                    )
25 |                                      )
   LANCE FISHER, an individual and ROES 1 )
26 | Through 100, Inclusive.              )
             Cross-Defendants.            )
27
28

# I.

## STANDARD OF REVIEW

In reviewing a complaint or cross-claim, the Court must assume the truth of all facts alleged or implied,[1] even if doubtful in fact, they are assumed true.[2]  Moreover, this Court must also assume the truth of all facts that may be inferred[3] from the express allegations.[4]  If any facts were alleged or implied by the allegations "showing entitlement to relief under any possible legal theory," then an order sustaining a motion to dismiss or demurrer is reversible error.[5]  Fisher's Motion to Dismiss[6] concedes the applicability of this rule on judicial construction wherein he states:

> "Pursuant to Federal Rule of Civil Procedure §12(b)(6), this Motion relies only on facts alleged in Cross-claimants' Cross-Claim, and assume the truth of all facts alleged in the Cross-Claim and all reasonable inferences therefor."[7]

"What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support."[8]  So that this Honorable Court is not charged with prescience or conjecture as to the merits of whether Moving Party Fisher acknowledged in writing that: 1) he asked to be designated an exempt employee; [9] and 2) he agreed he was an exempt employee,[10] Geocon attached the Settlement Agreement to the cross-claim, a fact Fisher

---

[1]  *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5.
[2]  *Bell Atlantic Corporation v. Twombly* (2007) 550 US 544, 554 – 555.
[3]  *Pareto v. FDIC* (9th Cir. 1998) 139 F.3d 696, 699.
[4]  *Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403.
[5]  *Platt v. Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439, 1444
[6]  Docket 10
[7]  Fisher's Memorandum of Points and Authorities for Motion to Dismiss, page 4, fn 1
[8]  *Neitzke v. Williams* (1989) 490 U.S. 319, 327,
[9]  §2.6, Settlement Agreement and Release, attached to Cross-claim as Exhibit 1; Request for Judicial Notice, Exhibit 1
[10]  §2.4, Settlement Agreement and Release, attached to Cross-claim as Exhibit 1; Request for Judicial Notice, Exhibit 1

1  concedes in his Motion to Dismiss.[11]  The Settlement Agreement is lodged with this Court and

2  the Court is asked to take judicial notice thereof.

## II

## ARGUMENT

**A. PLAINTIFF AND CROSS-DEFENDANT FISHER'S MOTION TO DISMISS IS WITHOUT LEGAL SUPPORT:  IT IGNORES 29 USC §213 WHICH EXCLUDES HIM FROM THE COVERAGE OF THE FLSA BECAUSE HE WAS AN EXEMPT EMPLOYEE**

  a.  A complaint or cross-claim must be taken on its face and allegations regarded as true

    i.  Cross-claimant Geocon has alleged Fisher is an exempt employee

As cited above, where Geocon has alleged in its cross-claim that Moving Party Fisher is an exempt employee,[12] that allegation must be taken as true for the purposes of a Motion to Dismiss.

  b.  Moving Party has ignored the condition precedent to success on his Motion to Dismiss:  That the FLSA apply to him, which it does not.

Fisher has misstated the sole issue that this Court must consider for the purposes of his Motion to Dismiss pursuant to FRCP 12(b)(6).  In his Motion to Dismiss, Fisher states:

"Cross-claimants' cross-claim presents a single overriding legal issue:

Whether the Settlement Agreement executed by [Cross-claimants and Fisher] waives [Fisher]'s alleged rights [under the FLSA] and precludes [Fisher from] maintaining his complaint…[against defendants (Cross-claimants)] for [their] alleged violations of the Fair Labor Standards Act of 1938 and Business & Professions Code §§17200-et seq."[13]

Not only is the above not the *single overriding legal issue* in Geocon's cross-claim, for the purposes of the Motion to Dismiss, *it is not an issue at all.*  Fisher conveniently overlooks the

---

[11]  Fisher's Memorandum of Points and Authorities, Page 3, line 10 – line 11[hereinafter designated as (page: line – line), i.e.  3:10 - 11]
[12]  Cross-claim, Paragraphs 3, 7, 8,  9, 13, 18, 22, 23, 24, 25, 45, 46, 48,
[13]  Docket 10; Memorandum of Points and Authorities page 3, lines 17 – 21

outcome determinative threshold issue *he* must overcome:  **does the Fair Labor Standards Act under 29 USC 201, et. seq., apply to  Fisher at all, where he is excluded from its coverage because he is alleged to be and was in fact an exempt employee?**   The answer is, no, the FLSA does not apply to Fisher.  Moreover, where the FLSA does not apply to Moving Party Fisher, Geocon's cross-claim does state a cause of action for breach of contract and fraud and deceit, and properly prays for declaratory relief, punitive damages and damages.  The cross-claim does state causes of action upon which relief may be granted and Geocon may properly go forward to prove Fisher is bound by the Settlement Agreement he knowingly and willingly executed on January 6, 2009.

The Fair Labor Standards Act of 1938 at 29 USC §201, *et. seq.,* [hereinafter "FLSA"] is broad in scope and was created by Congress to improve

> "labor conditions detrimental to the maintenance of the *minimum* standard of living necessary for health, efficiency, and general well-being of workers…without substantially curtailing employment or earning power."[14] (Emphasis added.)

In passing the FLSA,  Congress recognized that administrative, professional and executive ranked  employees are capable of negotiating their own terms of employment and are not persons employed at the minimum wage level.  In doing so,  Congress created a limitation on that broad scope of authority at 29 USC §213, which states in relevant part:

> "The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to—
>
> (1) any employee employed in a bona fide executive, *administrative*, or professional capacity…" [Emphasis added.]

Where Moving Party Fisher has acknowledged in writing, that he:  1) is an exempt employee[15] that was hired to manage other employees,[16] make critical decisions and run a crew;

---

[14] 29 USC §202
[15] Settlement Agreement and Release ["Settlement Agreement"] attached to Geocon's Cross Claim as Exhibit 1, §§2.3, 2.4
[16] Settlement Agreement, §§2.1, 2.3

1   and 2) specifically requested to be designated an exempt employee[17] with all the rights and

2   privileges that designation entails,[18] it is disingenuous, at best, to now argue he is not an exempt

3   employee.  Bottom line:  it has been stated many ways:  1) Fisher cannot have it both ways; and

4   2) he cannot have his cake and eat it, too.  He made a choice to work in the position of an

5   administrative exempt employee and receive those benefits;  he must also accept those burdens.

B.   **MOVING PARTY FISHER'S STATUTORY AND CASE AUTHORITIES ARE INAPPOSITE.**

1.   *Lynn's Food Stores v. United States Through U.S. Department of Labor, Employee Standards Administration, Wage and Hour Division*[19] has no application to the case at bar.

Fisher cites *Lynn's Food Stores* for the proposition that "an employee's claims under the

FLSA [are] non-waivable and cannot be settled without supervision of either the Secretary of

Labor or a district Court."[20]  *Lynn's Food Stores* has no application in the instant case, because

the employees in Lynn's Food Stores were non-exempt employees.  Moving Party Fisher was

hired as an exempt employee, worked and performed duties as an exempt employee and

expressly requested to remain an exempt employee.[21]  Because he always was an administrative

exempt employee, the FLSA does not apply to him pursuant to 29 USC §213.  Therefore, the

rationale of  *Lynn Food Stores* is inapposite to the instant case.

---

[17] Settlement Agreement, §§2.6, 2.4
[18] Settlement Agreement §§2.6, part 1; 2.6, part 2; 2.4; 2.5;2.7. Among the benefits Fisher received as an exempt
   employee were:  1) guaranteed salary based on a 40 hour week, whether he worked or not; 2) bonuses of $30,000
   over three years, rather than the $5,250.00 nonexempt, hourly employees received over the same three years; and
   3) a new truck, with insurance, fuel and maintenance provided at no cost to Fisher, which truck he was also
   utilized for  personal uses, in addition to other benefits Fisher received.
[19] 679 F.2d 1350, 1352 - 1353
[20] Docket 10, Motion to Dismiss, 3:26 – 27.
[21] See Footnotes 14, 15, 16 and 17, *supra.*

 2. 29 USC §201, *et. seq.,* by its own terms excludes Moving Party Fisher from its application

As more fully set forth above, by its own terms, 29 USC §213 provides an exception to the general terms of 29 USC 201, *et. seq.* wherein it provides that 29 USC §§201, *et. seq.,* 206 and 207 do not apply to a bona fide administrative exempt employee.

 3. *Beard v. District of Columbia Housing Authority, Walton* v. *United Consumers Club, Inc.* and *Schulte Co v. Gangi* likewise do not provide authority for Moving Party Fisher's Motion to Dismiss

*Beard v. District of Columbia Housing Authority;*[22] *Walton v. United Consumers Club, Inc.*[23] and *Schulte Co. v. Gangi*[24] provide no support for Moving Party Fisher's argument that Geocon's Cross-claim is subject to dismissal for failure to state a cause of action pursuant to Rule 12(b)(6) for the same reason *Lynn's Food Stores* and 29 USC §§201 – 207 provide no support for his arguments: they all ignore the fact Fisher was an exempt employee and exempt employees are outside the scope of 29 USC §201, *et. seq.,* by its own terms as articulated in 20 USC §213. In fact, *Beard*[25] cited *Lynn's Food* and *Walton* for the same proposition Moving Party Fisher cited *Beard*: that **nonexempt** employees cannot waive their FLSA rights without approval of the Secretary of Labor or a district court. That proposition meets the public policy interests and has genuine merit for its target employees: *nonexempt* employees who might otherwise receive sub-minimum wages[26] but for statutory protections. Moving Party Fisher was, by his own admission, an exempt employee; further, there is no allegation nor any support for any contention that Fisher was paid sub-minimum wages.

In summary, while Moving Party Fisher has cited multiple cases for the proposition that FLSA protections cannot be waived except under narrow circumstances, the entire argument is

[22] *Beard v. District of Columbia Housing Authority* 584 F.Supp.2d 139, fn 2 (2008)
[23] *Walton v. United Consumers Club, Inc.* 786 F.2d 303, 306 (7th Cir. 1986)
[24] *Schulte Co. v. Gangi* 328 U.S. 108, 116 (1946)
[25] Docket 10, Notice of Motion and Motion to Dismiss Cross-claim, 7:15 - 27
[26] Docket 10: 7:21- 23: "It is a long-held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages." *Beard, supra,* 584 F. Supp.2d at 142-143.

1    for naught:  Fisher always was an exempt employee and by its own terms, the FLSA does not

2    apply to him nor provide support for his arguments.  Fisher could and did effectively and legally

3    enter into a Settlement Agreement and Release, the terms of which were negotiated;  to which he

4    competently agreed and for which he received substantial consideration.  The Settlement

5    Agreement and Release are fully and completely enforceable as against Moving Party Fisher and

6    Geocon has pled substantive, competent and legally supported causes of action.  Fisher's Rule

7    12(b)(6) Motion to Dismiss must be overruled.

8    C.  **THE OPERATIVE SETTLEMENT AGREEMENT AND RELEASE PROVIDES
        FOR ATTORNEYS' FEES AND COSTS**

9

10       The Settlement Agreement and Release executed by Moving Party Fisher on January 6,

11   2009, provides at §8.0 for attorneys' fees and costs to the prevailing party, stating in relevant

12   part:

13       "In the event of any litigation, arbitration, action, mediation or other proceeding,
         ("Proceeding") is initiated by any party against any other party to enforce, interpret [or]

14       otherwise obtain judicial or quasi-judicial relief in connection with this Agreement, the
         prevailing party in such Proceeding shall be entitled to recover from  the unsuccessful

15       party all costs, expenses, actual attorneys' and expert witness fees…"

16       Geocon respectfully requests the sum of $2,080.00 in fees at the rate of $325.00 per hour

17   for the 4.4 hours spent by Geocon General Counsel, Shirlyn Daddario, in reviewing Fisher's

18   Motion, drafting and finalizing this Opposition and 2.0 hours to argue the Motion to Dismiss.

19   The request for $2,080.00 is a substantial compromise offered by Geocon for the benefit of

20   Moving Party Fisher in that, Shirlyn Daddario must travel from San  Diego to Sacramento to

21   argue the motion and the total time expended thereon  alone exceeds 12 hours including flight

22   time, time waiting at the airport and traveling from the airport to the Court. This would add

23   another $3,250.00, for a total of $5,330.00 to the reasonable attorney's fees that could be

24   requested be paid to Geocon by  Fisher, but Geocon is waiving that additional sum.  In addition,

25   the least expensive airfare is $287.00, for a total of $2,367.00 requested in fees and costs, instead

26   of $5,617.00.

27                                              **III.**

28

**CONCLUSION**

While Moving Party Fisher has adequately set forth the terms and protections of the Fair Labor Standards Act, 29 USC §201, *et. seq.,* he overlooks a complete bar to his recovery and claim preclusion:  as an exempt employee, he is excluded from its coverage.[27]  Moving Party Fisher was hired as an at-will administrative exempt employee charged with managing employees under him and to run a work crew, making independent administrative decisions and completing the work as he saw appropriate or fit.   With time, it became apparent Fisher did not possess the requisite skills and was terminated, in part because his job performance proved to be less than had been anticipated and in part because of a reduction in force.  Fisher was advised in writing in the Settlement Agreement and Release to consult an attorney relative to that Settlement Agreement.  After considering same for several days, and as recited in the Settlement Agreement and Release, Fisher acknowledged:

    1.     that he had requested to be designated an exempt employee;

    2.     that he had been hired to manage employees under him as an exempt employee; and

    3.     that he was, indeed, an exempt employee.

Fisher thereafter  executed the Settlement Agreement and Release and accepted the considerable rewards attendant thereto.

Moving Party Fisher has apparently now discovered the vices of greed and avarice, because he now wants to have all the advantages of an exempt employee, plus those of an hourly employee:  mutually exclusive positions.   In short, Fisher wants to have his cake and eat it, too.  Fortunately, the law recognizes one must make a choice or selection in the receipt of employment designations and attendant benefits.  Fisher chose the significantly greater rewards of being an exempt employee, managing other employees, substantially higher bonuses, guaranteed pay on a 40-hour per week basis and the full-time use of a new company truck, with

---

[27]  Fair Labor Standards Act,  29 USC §213

1  insurance, all fuel and maintenance provided at no cost, benefits that were and are not offered to

2  hourly, nonexempt, nonsalaried employees.

3      This Court must allow Fisher to make his choices and abide by his decisions.  The

4  Motion to Dismiss cross-claim, must, as a matter of law and fact, be overruled, so that Geocon

5  may proceed with its cross-claim, and introduce the Settlement Agreement and Release into

6  evidence, allowing justice and equity to be served.

7  Dated:  October 15, 2009

8

9      Shirlyn Daddario
       Attorneys for Defendants and Cross-
10     Claimants Geocon Consultants, Inc;
       Geocon Environmental Consultants, Inc.
11     and Bob Kimball.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28