UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANCE FISHER,

        Plaintiff,

   v.

GEOCON CONSULTANTS, INC.,
a California corporation;
GEOCON ENVIRONMENTAL, an
unknown business entity,
<u>et al.</u>,

        Defendants.
_____/

GEOCON CONSULTANTS, INC.,
a California corporation;
GEOCON ENVIRONMENTAL, an
unknown business entity,
<u>et al.</u>,

        Counter-claimants,

   v.

LANCE FISHER, an individual,

        Counter-defendant.
_____/

NO. CIV. S-09-2017 FCD/GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on (1) plaintiff Lance Fisher's ("plaintiff") motion to dismiss defendants/counter-

1

claimants' ("counter-claimants")[1] counterclaim[2] asserted against him and (2) counter-claimants' motion for leave to amend, should the court dismiss their complaint.[3] (Docket #s 10, 15.) For the reasons set forth below, the court GRANTS plaintiff's motion to dismiss with prejudice because any amendment of the counterclaim would be futile.

## BACKGROUND

On July 21, 2009, plaintiff filed the instant action alleging claims against counter-claimants for violation of the Fair Labor Standards Act, 29 U.S.C. § 207 et seq. ("FLSA"), on the ground counter-claimants failed to pay plaintiff all wages due, including the proper amount of overtime pay, and California's Unfair Competition Law, Business and Professions Code § 17200 et seq., based on the same alleged unlawful conduct. (Docket #2.) Counter-claimants answered the complaint, and on August 26, 2009, filed a counterclaim asserting claims against plaintiff based on his alleged breach of a Settlement Agreement entered between plaintiff and counter-claimants on January 6, 2009. (Docket #9.)

---

[1] Counter-claimants are Geocon Consultants, Inc., Geocon Environmental Consultants, Inc. and Bob Kimball.

[2] Counter-claimants improperly style their complaint against plaintiff as a "Cross-Claim." (Docket #9.) Since the complaint is asserted against an *opposing* party rather than a *co-party*, pursuant to Federal Rule of Civil Procedure 13, it should be labeled a counterclaim. As such, the court refers herein to counter-claimants' complaint as a counterclaim.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

Plaintiff was employed as a Senior Environmental Technician with counter-claimants from June 7, 2003 to January 9, 2009, when he was terminated. (Compl., ¶ 32.) On January 6, 2009, counter-claimants and plaintiff reached an agreement regarding the termination of plaintiff's employment, memorializing the terms in a Settlement Agreement. (Ex. 1 to Counterclaim.) The Agreement provided plaintiff with certain monies as severance pay in exchange for a waiver and release of claims against counter-claimants. In bringing this action seeking damages for alleged back wages and overtime pay, counter-claimants allege plaintiff breached the Settlement Agreement. Counter-claimants also allege plaintiff committed fraud in entering the Agreement since plaintiff represented therein that he agreed to settle any claims for wages he had against counter-claimants by the Agreement. (See generally Counterclaim.)[4]

Plaintiff now moves to dismiss the counterclaim on the ground that, as a matter of law, an employee's FLSA claims are non-waivable and cannot be settled by private agreement.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff

---

[4] Specifically, counter-claimants assert claims for intentional misrepresentation and breach of contract and seek declaratory relief and damages, including punitive damages.

1  need not necessarily plead a particular fact if that fact is a
2  reasonable inference from facts properly alleged. See id.
3       Nevertheless, it is inappropriate to assume that the
4  plaintiff "can prove facts which it has not alleged or that the
5  defendants have violated the . . . laws in ways that have not
6  been alleged." Associated Gen. Contractors of Calif., Inc. v.
7  Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).
8  Moreover, the court "need not assume the truth of legal
9  conclusions cast in the form of factual allegations." United
10 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
11 Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a
12 cause of action, supported by mere conclusory statements, do not
13 suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing
14 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
15      In ruling upon a motion to dismiss, the court may consider
16 only the complaint, any exhibits thereto, and matters which may
17 be judicially noticed pursuant to Federal Rule of Evidence 201.
18 See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th
19 Cir. 1988).
20      Ultimately, the court may not dismiss a complaint in which
21 the plaintiff alleged enough facts to "state a claim to relief
22 that is plausible on its face." Iqbal, 129 S. Ct. at 1949
23 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
24 (2007)). Only where a plaintiff has failed to "nudge [his or
25 her] claims across the line from conceivable to plausible," is
26 the complaint properly dismissed. Id. at 1952. When there are
27 well-pleaded factual allegations, "a court should assume their
28 veracity and then determine whether they plausibly give rise to

4

an entitlement to relief." Id. at 1950.

**ANALYSIS**

It has been long established that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute. Schulte, Inc. v. Gangi, 328 U.S. 108, 116 (1946); Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (recognizing that the Court has long "held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate"). In Schulte, an employer disputed that FLSA covered its employees because their work lacked a nexus to direct interstate commerce. However, under the threat of a lawsuit, the employer entered into a settlement agreement with its employees that incorporated payment for overtime but not liquidated damages under 29 U.S.C. § 216(b). The employees later sued the employer to obtain liquidated damages. The employer argued that its obligations under FLSA were discharged by the private agreement and payment, and the trial court agreed that the plaintiffs' claims were barred by a valid accord and satisfaction. The court of appeals reversed, and the Supreme Court affirmed, concluding that because of the disparate bargaining power of employers and employees, neither unpaid wages nor the liquidated damages imposed by FLSA can be compromised away by private agreement. Schulte, 328 U.S. at 116.

Thus, courts have consistently recognized a "judicial prohibition against the unsupervised waiver or settlement of

1  [FLSA] claims." Taylor v. Progress Energy, Inc., 493 F.3d 454,
2  460 (4th Cir. 2007); see e.g. Lynn's Food Stores, Inc. v. United
3  States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that "to
4  approve an 'agreement' between an employer and employe[e] outside
5  of the adversarial context of a lawsuit brought by the employe[e]
6  would be in clear derogation of the letter and spirit of FLSA");
7  Beard v. Dist. of Columbia Housing Authority, 584 F. Supp. 2d
8  139, 142-43 (D.C. 2008) (holding that an otherwise valid accord
9  and satisfaction cannot be a defense to a FLSA claim); Lerwill v.
10 Inflight Servs., Inc., 379 F. Supp. 690, 696 (N.D. Cal. 1974)
11 (holding that parties "may not do by [private] contract" what
12 FLSA prohibits by statute).

13      Instead, courts have approved of settlements of FLSA claims
14 in only the limited circumstances provided for by the statute,
15 namely: (1) pursuant to a judicially approved stipulated judgment
16 in an action brought by an employee against his employer and
17 (2) where the Secretary of Labor supervises the payment in full
18 of a settlement agreement reached between an employer and
19 employee. 29 U.S.C. § 216(b), (c); Lynn's Food Stores, 679 F.2d
20 at 1352-53. Neither of these circumstances is present here, and
21 thus, counter-claimants cannot rely on the Settlement Agreement
22 as a bar to plaintiff's action or as a basis to assert
23 affirmative claims against plaintiff. Beard, 584 F. Supp. 2d at
24 142-43; Lynn's Food Stores, 679 F.2d at 1355.

25      Seemingly recognizing this fact, in opposing the motion,
26 counter-claimants do not argue that FLSA claims are waivable by
27 private agreement or dispute the governing law, as described
28 above. Rather, they base their opposition to the motion on the

sole contention that plaintiff, as an "exempt" employee, is not entitled to the benefits of FLSA.  Counter-claimants assert that by the Settlement Agreement, plaintiff agreed he was an exempt employee, and that he cannot now seek relief under FLSA as a claimed, non-exempt employee.

Counter-claimants' argument is unpersuasive.  Under the case law set forth above, an employer cannot require an employee to waive his FLSA rights.  Thus, whether an employee agreed to do so by private contract--by conceding for example his exempt status in such a contract--is not the issue; even assuming plaintiff made this concession in the Settlement Agreement, the Agreement is unenforceable to the extent it seeks to preclude plaintiff from pursuing a FLSA claim.  See e.g. Beard, 584 F. Supp. 2d at 142 (precluding the employer from relying on the parties' accord and satisfaction, settling the employee's wage claim, as a defense to the employee's FLSA claim).  Counter-claimants' claims based on plaintiff's alleged misrepresentations in the Agreement and plaintiff's breach of the Agreement's terms is similarly uncognizable.  The gravamen of the counterclaim is plaintiff's purported waiver of his FLSA rights and his release of any claims against counter-claimants thereunder.  By law, such rights are not waivable or subject to settlement in a private agreement, and therefore, plaintiff's motion to dismiss is properly granted.

Counter-claimants move for leave to amend; however, they fail to set forth any facts demonstrating a viable claim against plaintiff.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  Cal. Architectural Building Prods. v. Franciscan Ceramics, 818 F.2d

7

1466, 1472 (9th Cir. 1988).  While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, the court is not required to allow *futile* amendments.  <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983).  Here, amendment of the complaint with respect to the Settlement Agreement's affect on plaintiff's FLSA rights would be futile under the governing law described above, and counter-claimants do not describe any other facts which could give rise to a claim against plaintiff.  <u>Iqbal</u>, 129 S. Ct. at 1949.  Therefore, the court denies counter-claimants leave to amend.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss counter-claimants' counterclaim is GRANTED with prejudice.

IT IS SO ORDERED.

DATED: December 9, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE