UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LANCE FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>GEOCON CONSULTANTS, INC.,<br>a California corporation;<br>GEOCON ENVIRONMENTAL, an<br>unknown business entity,<br><u>et al.</u>,<br><br>    Defendants.<br>_____/<br>GEOCON CONSULTANTS, INC.,<br>a California corporation;<br>GEOCON ENVIRONMENTAL, an<br>unknown business entity,<br><u>et al.</u>,<br><br>    Counter-claimants,<br><br>    v.<br><br>LANCE FISHER, an individual,<br><br>    Counter-defendant.<br>_____/ | NO. CIV. S-09-2017 FCD/GGH<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

1

This matter is before the court on defendants/counter-claimants' ("counter-claimants")[1] motion for reconsideration of the court's December 9, 2009 order, (1) granting plaintiff Lance Fisher's ("plaintiff") motion to dismiss the counterclaim asserted against him by counter-claimants and (2) denying counter-claimants' motion for leave to amend their counterclaim.[2] (Docket # 31.) The court granted plaintiff's motion on the ground that, as a matter of law, an employee's Fair Labor Standard Act ("FLSA") claims are non-waivable and cannot be settled by private agreement; therefore, the court held that counter-claimants could not allege any cognizable claims for relief against plaintiff based on the parties' Settlement Agreement which terminated plaintiff's employment with counter-claimants. Because any amendment of the counterclaim would be futile, the court denied counter-claimants' motion for leave to amend.

Counter-claimants now move for reconsideration of the court's order, arguing the court committed "clear error" in its decision by assuming (1) that FLSA provides protections for both nonexempt and exempt employees and (2) treating plaintiff as a nonexempt employee.

Because counter-claimants' fail to meet the standard for granting a motion for reconsideration under Federal Rule of Civil Procedure 60(b), their motion must be DENIED. Absent "highly

---

[1] Counter-claimants are Geocon Consultants, Inc., Geocon Environmental Consultants, Inc. and Bob Kimball.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

Here, counter-claimants have done nothing more than reargue their prior positions on the motion to dismiss; such reiteration of the same arguments does not amount to "clear error" or circumstances sufficiently extraordinary to reconsider the court's prior order. Blacklund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (a motion for reconsideration brought on the basis of "judicial mistakes," which presents no new arguments, should be denied). In granting plaintiff's motion to dismiss, the court carefully considered every argument asserted by counter-claimants herein. (Docket #31 at 7-8 [specifically addressing counter-claimants' argument that plaintiff, as an "exempt" employee, is not entitled to the benefits of FLSA and that plaintiff agreed to his "exempt" status in the Settlement Agreement].)

After a thorough review of the legal issues presented, the court concluded that counter-claimants' claims against plaintiff, based on alleged breaches and misrepresentations made in the parties' Settlement Agreement, were barred as a matter of law. (Id.) The reasons for the court's decision were fully explained in the December 9 order and need not be repeated here, particularly because counter-claimants have not raised even a

single new argument in support of this motion.

In this case, while counter-claimants' assertion that an exempt, settling employee is not entitled to FLSA benefits may well be a defense to plaintiff's claims, it cannot form the basis of an affirmative counterclaim for breach of the Settlement Agreement or fraud in connection with the Agreement. Governing law is clear that an employee cannot be forced by private agreement to waive his FLSA rights. Thus, the counterclaim has been properly dismissed.

Accordingly, counter-claimants' motion for reconsideration of the court's December 9 order is DENIED.

IT IS SO ORDERED.

DATED: March 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE